# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES HOGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2686 |
| | § | |
| PARKWAY CHEVROLET, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

The plaintiff, Charles Hoge, alleges that customer mailings sent by the defendant, Parkway Chevrolet, Inc., violated the Federal Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* On September 2, 2005, Parkway Chevrolet answered Hoge's complaint and filed a third-party complaint against Hitman Direct. (Docket Entry No. 4). Parkway Chevrolet alleges that Hitman Direct produced the mailings at issue and provided the customer names and information used in sending them. Parkway Chevrolet alleges that Hitman Direct is responsible for any statutory violations that resulted from the mailings. Parkway Chevrolet seeks contribution and indemnity, including recovery of its attorney's fees and expenses incurred in defending against Hoge and in proving its claims of contribution and indemnity against Hitman Direct.

Hitman Direct filed an answer on October 11, 2005, denying that the mailings violated the Federal Credit Reporting Act and denying that Parkway Chevrolet is entitled to contribution or indemnity. Hitman Direct also asserted that the claims between it and

Parkway Chevrolet are subject to a contractual arbitration clause.  (Docket Entry No. 6).  Hitman Direct has filed a motion for referral to arbitration.  (Docket Entry No. 26).  Parkway Chevrolet has not responded to this motion.  On July 6, 2006, Hoge amended his complaint but asserted no claims against third-party defendant Hitman Direct.  (Docket Entry No. 25).

Hitman Direct has attached a copy of the contract containing the arbitration clause.  (Docket Entry No. 26, Ex. A).  The arbitration clause appears at the bottom of the "Promotion Agreement," just above the signature lines.  It states that any dispute "arising from [unintelligible] mailing must be settled through arbitration in Harris County, TX."  (*Id.*).  The Promotion Agreement contains the signature of the "Account Executive," but has no signature on the space provided for the "Dealer/Authorized Signature."

Section 3 of the Federal Arbitration Act states that "the court in which such suit is pending, *upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement*, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3 (emphasis added).  Under the FAA, federal courts generally determine two issues:  whether a valid agreement to arbitrate exists and whether a particular dispute is covered by the terms of the arbitration agreement.  *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1321 (5th Cir. 1994).

The copy of the arbitration agreement that Hitman Direct attached to its motion is difficult to read.  Several key words from the clause are unintelligible on the copy filed with

the court.  It is unclear whose signature appears on the contract.  The record is inadequate to allow this court to determine whether the claims between third-party plaintiff Parkway Chevrolet and third-party defendant Hitman Direct are within the scope of the arbitration clause.  The motion to refer to arbitration is denied without prejudice.  Hitman Direct may resubmit it if appropriate, with adequate support for this court to examine the motion on the merits, and Parkway Chevrolet may respond.

SIGNED on January 31, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge