IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHARLES HOGE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NUMBER: 05-2686** |
| | § | |
| **PARKWAY CHEVROLET, INC.,** | § | |
| **Defendant** | § | |

**DEFENDANT, PARKWAY CHEVROLET, INC.'S,
MOTION TO STRIKE AFFIDAVIT OF OSCAR MARQUIS,
OR IN THE ALTERNATIVE, TO SUPPLEMENT RECORD WITH
<u>THE DEPOSITION TESTIMONY OF MARC LAWYA AND JERRY DOYLE</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **PARKWAY CHEVROLET, INC.,** Defendant in the above-entitled and numbered cause of action, and files this Motion To Strike Affidavit of Oscar Marquis, or in the Alternative, to Supplement Record With the Deposition Testimony Of Marc Lawya and Jerry Doyle, and would show the Court as follows:

**I.
<u>PROCEDURAL BACKGROUND</u>**

1.      This Court concluded the hearing on Class Certification on July 13, 2007. Prior thereto, the Court entered several Scheduling Orders, the last of which concluded a deadline for completion of discovery relative to Class Certification of March 23, 2007. It should be known that Plaintiff opposed the last extension of two weeks to complete discovery relative to Class Certification.

2.      Apparently dissatisfied with the evidence presented after the Class Certification hearing, specifically, the testimony of Marc Lawya, (Vice-President of **Name Seeker, Inc.**), Plaintiff obtained an Affidavit from a previously undisclosed "expert" witness and submitted to this Court weeks after the completion of the Class Certification hearing. Mr. Marquis was never deposed, nor was he even identified prior to the expiration of the discovery deadline, much less the Class Certification hearing. To allow Plaintiff to supplement the record with an Affidavit weeks after the completion of the hearing frustrates the very purpose court imposed deadlines,

the spirit of cooperation in completing discovery, and flies in the face of the intent of the Local Rules of this Court, The Southern District of Texas, and the Federal Rules of Civil Procedure.

## II.
## MARQUIS AFFIDAVIT DEVOID OF ANY EVIDENCE OR KNOWLEDGE OF SPECIFIC TRANSACTIONS AND COMMUNICATIONS IN CASES BEFORE THIS COURT

3.  In his Affidavit, Marquis testifies that he is an attorney previously employed by Trans Union. He speaks of the general policies and procedures, yet states no personal knowledge of the agreements between Equifax and Masada, Name Seekers, MDA Capital, or any of the dealerships involved in the case(s) at bar. Marquis does not state that he worked for Equifax nor that he disputes the testimony of Marc Lawya, Vice-President of Name Seekers, Inc. That is the only evidence that should be considered by this court, as Mr. Lawya was actually involved in the transactions giving rise to this suit. Mr. Jerry Doyle, President of **Hitman Direct** was also a person involved and was deposed and subject to cross-examination, Marquis does not dispute their testimony. He should he be permitted to testify as to general custom and procedure based on his experience, without a showing of any similarity or basis for implying that the procedures described in his Affidavit were those employed, followed, or even intended by the parties involved in the transactions giving rise to the case(s) at bar.

## III.
## DEPOSITION TESTIMONY OF MARC LAWYA SHOULD BE CONSIDERED

4.  In the alternative, should the court believe that the Marquis Affidavit should be considered, Defendant would request this court also consider the complete deposition testimony of Marc Lawya, Vice-President of **Name Seekers, Inc.**, as it relates to the actual transactions in question. Attached hereto as Exhibit "A" is a complete copy of the deposition of Marc Lawya, (Volume 1 - taken on October 27, 2006). Attached hereto as Exhibit "B" is a complete copy of the deposition transcript of Marc Lawya, (Volume 2 – taken on November 7, 2006).

5.  Pertinent excerpts from those deposition include the following:

> Q.  Does Name Seeker obtain information regarding potential customers for car dealers from Mr .Brody's company?

2

A.      Name Seeker processes MDA IS data from Mr. Brody's company.

Q.      Would you explain that further? What does that mean?
A.      MDA is contracted with Masada to obtain credit data. Name Seeker processes that data for MDA.

Q.      So when you receive an order from a company like Hitman, is the order being received by MDA Capital or is it being received by Name Seeker?

A.      The order is received at Name Seeker from MDA promotion.

**(Deposition of Marc Lawya, Vol. 1, page 30, line 25 to page 31, line13)**

\* \* \* \*

Q.      How is Mr. Brody's business different from yours, Mr. Lawya?
A.      Mr. Brody's business is an authorized reseller of Equifax data.

Q.      What is the name of his company?
A.      Masada Group.

**(Deposition of Marc Lawya, Vol. 1, page 30, lines 17-22)**

\* \* \* \*

A.      In the beginning of the word order process, each mailer has to be approved.

Q.      That's right.  By whom, Name Seeker?
A.      Correct.

**(Deposition of Marc Lawya, Vol. 2, page 18, lines 5-8)**

\* \* \* \*

Q.      And what is it that Name Seekers is reviewing the mailer for; what are they looking at?
A.      They're looking for firm offers of credit. They are looking for good taste.

**(Deposition of Marc Lawya, Vol. 2, page 18, lines 16 –19)**

\* \* \* \*

Q.      Why does Name Seekers prohibit the mailers from containing, for example, a specific interest rate or specific terms?

3

> A. Because people --specific people qualify for different rates or specific terms.
>
> **(Deposition of Marc Lawya, Vol. 2, page 22 lines 2-6)**
>
> * * * *
>
> Q. MDA --you testified earlier that MDA would, in fact, finance a vehicle if the requirements were met?
> A. Yes.
>
> Q. But the interest rate may vary based upon their various credit credentials?
>
> A. Correct.
>
> **(Deposition of Marc Lawya, Vol. 2, page 22, lines 20-25)**

## IV.
## DEPOSITION TESTIMONY OF JERRY DOYLE
## SHOULD BE CONSIDERED

6. In addistion, should the court believe that the Marquis Affidavit should be considered, Defendant would request this court also consider the complete deposition testimony of Jerry Doyle, Owner of **Hit Man Direct**, as it relates to the actual transactions in question. Attached hereto as Exhibit "C" is a complete copy of the deposition of Jerry Doyle, (taken on July 6, 2006).

7. Pertinent excerpts from that deposition are as the follows:

> Q. It was your position, I think earlier, that these contracts talk about FCRA compliance on the part of Name Seeker?
> A. Yes.
>
> Q. Okay. And then Name Seeker has another agreement with Equifax in which Equifax requires Name Seekers to maintain FCRA compliance?
> A. I believe, to answer your question, the first agreement would be between Equifax and Name Seeker. By virtue of the fact that Name Seeker provides the firm offer of credit. That has to be required --that is required by Equifax for Name Seeker to first buy that list or those lists from Equifax. Then Name seeker resells them to me, as per that third party agreement in there, with terms and conditions similar, I haven't really read them that

> thoroughly, but similar to the terms and conditions that they have with Equifax regarding privacy and the use of the information, the act that it is a rented list, it's one time use, and so forth and so on.
>
> **(Deposition of Jerry Doyle, p. 28, line 17 to p. 29, line 11)**
>
> \* \* \* \*
>
> Q.   Okay. Are you selling credit reports to Parkway?
> A.   Absolutely not.
>
> **(Deposition of Jerry Doyle, p. 101, lines 3-5)**
>
> \* \* \* \*
>
> Q.   Do you?
> A.   Do I access credit reports?
>
> Q.   Uh-huh.
> A.   No, I've never accessed a credit report, not even my own.
>
> Q.   Who accesses --who obtains the credit information in the chain of Parkway, Hit Man, Name Seeker, Equifax?
> A.   The --
>
> Q.   It's a multiple choice question.
> A.   The list that includes -that meets this criteria is obtained by Hit Man from Name Seeker.
>
> Q.   Okay. Who; initially obtains the names and addresses of individuals meeting certain credit criteria?
> A.   Who obtains that?
>
> Q.   Yes.
> A.   Hit Man Does.
>
> Q.   From whom does Hit Man obtain it?
> A.   From Name Seeker.
>
> Q.   Okay. Can Hit Man obtain that information directly?
> A.   No.
>
> **(Deposition of Jerry Doyle, p. 101, line 9 to p. 102, line 6)**
>
> \* \* \* \*
>
> Q.   Is it fair to say the entity, the only entity who accesses the credit of these individuals is the same one that makes the firm offer of credit?

MR. MAHENDRU: Objection, leading.

A. Would you like to restate that?

Q. BY MR. GORDON) I'm going to restate it. Who is the entity that accesses the credit?

MR. MAHENDRU: Objection, asked and answered.

A. MDA Capital. And I might want to clarify something.

Q. BY MR. GORDON) No. You -okay.
A. We do not access, nor buy, nor order on behalf of anybody a credit report.

Q. Fair enough.
A. We order a person's name and their address and their financial score. And that's all we get.

Q. Glad you clarified that. Who accesses the list -what is the entity who procures the names and addresses of the individuals to whom you ultimately met based upon credit scores?

MR. MAHENDRU: Asked and answered, objection.

A. MDA Capital. Hit Man and MDA Capital, excuse me, Name Seekers. I'm sorry.

**(Deposition of Jerry Doyle**, **p. 104, line 14 to p. 105, line 13)**

\* \* \* \*

Q. The entity who obtains the names and addresses of people matching certain credit scores is who?

MR. MAHENDRU: Objection, leading and asked and answered.

A. Okay. The entity that obtains those initially is Name Seekers.

Q. (BY MR. GORDON) Is that the same entity or related entity as the one who makes a firm offer of credit?
A. Absolutely, yes.

**(Deposition of Jerry Doyle**, **p. 105, line 18 to p. l06, line 2)**

Q. (BY MR. GORDON) And you were --in connection with the service you provided, you were able to assure Parkway that somebody at the company who was obtaining that information was able to make a firm offer of credit --
A. That's correct.

Q. --to those people? A. That's correct.

6

|   |   |
|---|---|
| | MR. MAHENDRU: Objection, leading. |
| Q. | BY MR. GORDON) And that person was someone other than Parkway Chevrolet? |
| A. | Yes. |

(**Deposition of Jerry Doyle**, p. 109, line 15 to p. 110 line 1)

**WHEREFORE PREMISES CONSIDERED**, Defendant, **PARKWAY CHEVROLET, INC.**, respectfully requests that its Motion To Strike Affidavit of Oscar Marquis, or In The Alternative, To Supplement Record With The Deposition Testimony of Marc Lawya and Jerry Doyle, and for such other and further relief, at law and in equity, which this Defendant may be entitled.

Respectfully submitted,

**GORDON LAW FIRM**

/s/  Philip S. Gordon
Philip S. Gordon
State Bar No. 08203900
1001 West Loop South, Suite 700
Houston, TX  77027
Telephone:  (713) 599-1700
Telecopy:  (713) 599-1703
email:  pgordon@pgordonlaw.com

**ATTORNEY FOR DEFENDANT,
PARKWAY CHEVROLET, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Defendant, **PARKWAY CHEVROLET, INC.'s**, Motion To Strike Affidavit of Oscar Marquis, Or In The Alternative, To Supplement Record With The Deposition Testimony Of Marc Lawya and Jerry Doyle has been served upon the following counsel of record by first class mail on this 15th day of August, 2007.

Ashish Mahendru
1111 Bagby, Suite 2000
Houston, Texas 77002-2553
Facsimile:    (713) 651-0776

Lennon C. Wright
924 East 24th Street
Houston, Texas 77009
Facsimile: (713) 529-0592

                                              /s/ Philip S. Gordon
                                              Philip S. Gordon

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHARLES HOGE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NUMBER: 05-26865** |
| | § | |
| **PARKWAY CHEVROLET, INC.,** | § | |
| **Defendant** | § | |

**ORDER GRANTING MOTION TO STRIKE AFFIDAVIT OF OSCAR MARQUIS, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE RECORD AND CONSIDER THE DEPOSITION TESTIMONY OF MARC LAWYA AND JERRY DOYLE**

ON THIS DAY came on to be heard Defendant Parkway Chevrolet Inc.'s Motion To Strike Affidavit of Oscar Marquis, Or In The Alternative, To Supplement The Record and Consider The Deposition Testimony of Marc Lawya And Jerry Doyle, and the Court being of the opinion that said Motion should be granted; it is therefore

ORDERED, ADJUDGED AND DECREED that the Affidavit of Oscar Marquis is hereby stricken and held for naught; or

Defendant is hereby permitted to supplement the record and the Court will consider the deposition testimony of Marc Lawya (Volumes 1 & II) and the deposition testimony of Jerry Doyle.

SIGNED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE